

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 12 2018

CLERK, U.S. DISTRICT COURT
By _____
 Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:18-MJ- 763 |
| KEITH BERKEBILE | |

### CRIMINAL COMPLAINT

I, the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

From on or about July 8 2017 through on or about July 25, 2018, in the Northern District of Texas, the defendant, **Keith Berkebile**, did use any means and facility of interstate and foreign commerce to knowingly attempt to persuade, induce and entice an individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense.

In violation of 18 U.S.C. § 2422(b).

### INTRODUCTION

I, Brandon Poor, being duly sworn, depose and state as follows:

1. I am a Grand Prairie Police Officer and have been so employed since July of 2006. I am also a Task Force Officer with the Federal Bureau of Investigations (FBI), currently assigned to Child Exploitation Task Force.

2. As part of my official duties, I have conducted and participated in investigations relating to the sexual exploitation of children. As an FBI Task Force Officer, I am authorized to investigate crimes involving the sexual exploitation of children pursuant to Title 18, United States Code, Section 2422. Title 18 U.S.C. § 2422(b) which makes it a federal offense to use the mail or any facility or means of

interstate commerce, including by a computer or cellular phone, or within the special maritime and territorial jurisdiction of the United States, to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so.

3. As part of my duties with the Grand Prairie Police Department and as a federal Task Force Officer, I have gained experience in the conduct of criminal investigations involving child exploitation and child enticement.

4. The facts in support of probable cause for this complaint are based on: (1) my personal investigation; (2) communication from other law enforcement officers; and (3) physical evidence.

5. As more fully described below, I have probable cause to believe that **Keith Berkebile,** knowingly used a means and facility of interstate commerce, that is, the Internet, to attempt to persuade, induce, and entice an individual whom he believed to be under the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense.

## OVERVIEW OF INVESTIGATION

6. On July 8, 2017, I began a proactive investigation on the Internet Relay Chat Program. Based on my prior investigative experience, I know this particular program has been and is used to communicate about the sexual exploitation of children. I previously established an undercover profile (UC) of a 31-year-old mother of two

daughters, ages five and eleven, using photographs of a Grand Prairie Police employee who authorized the use of her photographs for investigation purposes.

7. Using the screen name "momwdaughstx" I went on the Internet Relay Chat Program and entered the rooms labeled "dad&daughtersex," and "pedomoms." I was messaged by a subject with screen name "Dallas-Male," who introduced himself as a 59-year-old from Texas. "Dallas-Male," later identified as Keith **Berkebile** (hereinafter referenced as **Berkebile**), sent a photo of himself with his son and grandson and provided his email address. On July 12, 2017, I sent an administrative subpoena to AT&T to identify the subscriber using the IP address associated with "Dallas-Male." AT&T provided subscriber data that returned to Keith **Berkebile** and listed his Arlington residence.

8. During their chats, which occurred on Internet Relay Chat and via email, **Berkebile** asked the UC about the ages of her daughters. When the UC told him they were five and eleven, he asked, "would u like to see your oldest with a man." **Berkebile** went on to ask the UC if she "would enjoy watching [her] girls stroking and sucking a mans cock." During the ongoing communications over several weeks, **Berkebile** suggested that the UC show her 11-year-old daughter pornographic videos and, after, to ask if she would like to experience some of what she saw.

9. **Berkebile** told the UC he would "play with her [daughter's] pussy and lick it and let her do the same." He also instructed the UC to ask her daughter if she would like to meet the UC's friend after they had watched a pornographic video. **Berkebile** told the UC to make sure the child never says a word to anyone, "or we both go to jail."

10. On July 17, 2017, while communicating with the UC, **Berkebile** sent her an image of child pornography via email. The image depicted two nude minors; **Berkebile** stated that he thought the girl in the image was 11 and the male, who had an erect penis, was 15-years-old. Later that same day, **Berkebile** sent another image of child pornography that depicted a prepubescent female performing oral sex on a male. **Berkebile** said he thought the female child was "about 12," and then said, "she looks like sheknows[sic] how to suck cock lol."

11. After **Berkebile** said he wanted to meet, **Berkebile** and the UC set up a date that he would come to the UC's apartment to swim and be alone with the 11-year-old. The meeting was scheduled for the afternoon of Tuesday, July 25, 2017. **Berkebile** emailed the UC, stating that he would bring protection. On July 24, 2017, however, **Berkebile** told the UC he would rather meet her at a bar and talk first. The UC declined, and the meeting was canceled.

12. On July 25, 2017, **Berkebile** emailed the UC, telling her to have a good day at work. The UC responded, and mentioned she was working only half the day, because she had already scheduled the afternoon off of work. **Berkebile** invited the UC over to his place to go swimming; the UC declined and said she was taking her daughters to the pool. **Berkebile** then offered to come over and visit them at the pool; the UC agreed and provided directions to the UC apartment in Grand Prairie. When **Berkebile** arrived, he was arrested pursuant to a state warrant. During an interview, **Berkebile** was provided the *Miranda* warnings and agreed to speak. **Berkebile** said he was chatting with a female who wanted her daughter to have sex and he agreed, but then changed his mind. A

map was located that showed the directions from **Berkebile's** Arlington residence to the UC apartment designated for the meeting.

13. Grand Prairie police detectives subsequently executed a state search warrant for **Berkebile's** residence in Arlington, where a laptop was found with child pornography on the screen.

14. I am aware that in order to communicate via email or via MIRC, the user must have access to the Internet, which is a means and facility of interstate and foreign commerce. Moreover, the sexual activity **Berkebile** described to the UC would be a violation of Texas Penal Code § 22.021. The distribution of the child pornography sent by **Berkebile** would also be a violation of Texas Penal Code § 43.26.

## CONCLUSION

15. Based on the facts and circumstances of this Affidavit, Affiant submits that probable cause exists to believe that based on the foregoing, **Keith Berkebile**, violated Title 18 U.S.C § 2422(b), that is Attempted Coercion or Enticement.

Brandon Poor, Task Force Officer
Federal Bureau of Investigations

Subscribed and sworn to before me on this 12th day of December, 2018 at 10:50 a.m., in Fort Worth, Texas.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE